The First State Bank of Matador v. Commissioner.
First State Bank of Matador v. Commissioner
Docket No. 12155.
United States Tax Court
1947 Tax Ct. Memo LEXIS 80; 6 T.C.M. (CCH) 1047; T.C.M. (RIA) 47259; September 30, 1947
*80 In the taxable year petitioner bank declared and distributed to its stockholders as a dividend in kind certain notes which it had charged off and deducted in its tax returns in previous years. Subsequently, the stockholders made collections on some of the notes. Held, the petitioner did not realize income either upon the distribution of the dividend in kind or upon the subsequent recoveries on the notes. First State Bank of Stratford, 8 T.C. 831, followed. Walter G. Russell, C.P.A., and Dorothy Ann Kinney, Esq., 310 Amarillo Bldg., Amarillo, Texas, for the petitioner. D. Louis Bergeron, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income and declared value excess profits taxes in the respective amounts of $4,766.48 and $1,428.58 for the calendar year 1942. Petitioner claims an overpayment of income tax. The only issue is whether petitioner realized any income from the distribution, as a dividend in kind to its stockholders, of notes which had been charged off in previous years, or from subsequent recoveries on the notes. Findings of Fact Petitioner is a corporation *81 organized under the laws of Texas and is engaged in the banking business at Matador, Texas. In the taxable year it had outstanding 375 shares of stock owned by about 40 stockholders. Its tax return for 1942 was filed with the collector of internal revenue for the second district of Texas. Pursuant to the customary notice, the petitioner's board of directors on January 13, 1942, held their regular monthly meeting, five of the six directors being present. At this meeting the directors declared a dividend in kind, consisting of some 127 notes which had been charged off as worthless in earlier years from 1925 to 1941. The dividend resolution provided that each stock holder should own an interest in each obligation included in the dividend in proportion to his stockholding in the petitioner. The notes declared as a dividend were specifically described as to maker, due date, and face value, amounting to $63,355.15. No valuation was placed on the notes by the resolution. All of the uncollected, charged-off notes of the petitioner had been kept together in a file. On January 14, 1942, an annual meeting of petitioner's stockholders was held. A majority of the stock was represented either *82 in person or by proxy. Nine stockholders, of whom five were also directors of the petitioner, were in actual attendance. The stockholders were informed of the dividend declaration by the directors on the previous day. The dividend was informally discussed and the stockholders were advised that the notes were of unknown value. Their value was difficult to determine because of depletion of the security on most of the notes, conditions as they existed at the time of the dividend declaration, the age and history of the notes, and the removal of many of the debtors from the community. The stockholders voted to appoint two of their number, John A. Hamilton and G. E. Hamilton, who were lawyers, as the attorneys-in-fact for all the stockholders, to handle and attempt to collect the notes included in the dividend. Subsequently, all the stockholders were advised of the dividend and executed the power of attorney to the Hamiltons. Petitioner had obtained permission in advance from the State Banking Commissioner to declare a dividend in its charged-off assets. The factors which influenced petitioner to declare the dividend were the possibility of more successful collections by the stockholders, *83 the elimination of ill will toward the petitioner in the event legal proceedings were instituted to effect collections, and the reduction of tax in the event recoveries were made on the notes. None of the notes declared as a dividend were being currently paid on at the time of the declaration. A few irregular payments had been received in 1941. At the time of the dividend declaration there was no assurance that any of the notes would be paid. Upon the execution of the power of attorney by the stockholders, the notes were delivered to John A. Hamilton, who retained them in his office. After the dividend declaration the petitioner bank did not have any control over the notes. John A. Hamilton thereafter undertook to make the collections. He conducted correspondence with the makers of the charged-off notes and informed them that their notes had been transferred to the stockholders. At his request, Elmer Stearns, executive head of petitioner, assisted in the collection of one note from an out-of-town debtor shortly after the dividend declaration. Most of the collections on the notes, however, were effected by Hamilton as the result of personal contact with the debtors. Collections *84 effected on the notes in 1942 subsequent to the dividend declaration were deposited by Hamilton to an account in the petitioner bank styled "John A. Hamilton, Attorney-in-Fact". Approximately $16,000 was collected on the notes in 1942 after the dividend declaration. Hamilton made two pro rata divisions of the proceeds among the stockholders in July and September 1942. He reported his share in his income tax return for that year and advised all the other stockholders to do likewise. In determining the deficiency, the respondent held that petitioner realized a taxable gain of $15,672.31 on the declaration of the dividend in kind, and he now claims in the alternative that petitioner realized taxable income in the amount of $11,317.61 from recoveries on the notes in the taxable year. Opinion ARUNDELL, Judge: Both at the hearing and on brief respondent has recognized that First State Bank of Stratford, 8 T.C. 831 (appeal pending, C.C.A. 5), is substantially like the instant case and that our decision therein as contrary to his position here. The respondent's contention there, as here, was that the taxpayer realized income either upon the distribution of charged-off notes *85 as a dividend in kind, or upon collections made on the notes after their distribution as a dividend. If any distinction may indeed be drawn between the two cases, it would seem to be that the facts here present are even more favorable to the taxpayer's position than they were in that case. But the respondent has frankly asked us to reconsider the question and decide it differently here. First State Bank of Stratford, supra, was reviewed by the full Court. The holding therein represents the considered judgment of a majority of the Court on the same questions here involved. The respondent has not advanced any new or materially different arguments here, and we see no reason at this time to depart from our views expressed in that case. On the authority thereof, we hold that the petitioner did not realize income in the taxable year on the distribution of its charged-off notes as a dividend in kind or from the subsequent collections on the notes. Decision will be entered under Rule 50.